**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 14-cv-3511**

**CHESAPEAKE ENTERPRISES, INC.**

**Plaintiff,**

**vs.**

**ONLINE CONSUMERS NETWORK, STEPHEN COLE KIMBALL, and DEL KIMBALL,**

**Defendants.**

---

**PLAINTIFF CHESAPEAKE ENTERPRISES' MOTION TO COMPEL DISCOVERY RESPONSES FROM CO-DEFENDANTS STEPHEN COLE KIMBALL AND ONLINE CONSUMERS NETWORK**

---

Plaintiff Chesapeake Enterprises, Inc. ("Chesapeake") respectfully files this Motion to Compel Discovery Responses from Co-Defendants Stephen Cole Kimball and Online Consumers Network (together "Defendants"). In support hereof, Chesapeake states as follows:

1. On May 14, 2015, Chesapeake served Requests for Production of Documents and Interrogatories on Defendants.[1]

2. On June 19, 2015, Defendants served unsigned answers to Interrogatories, responses to requests for production and a deficient document production.[2]

3. On July 24, 2015, counsel for Chesapeake sent Golden Rule Letter #1, asking for Defendants' signed answers in compliance with Rule 33.[3]

4. On August 4, 2015, Defendants served a signature page for their Interrogatory answers, which was dated July 31, 2015.[4]

---

[1] Ex. A (Interrogatories); Ex. B (Requests for Production of Documents).
[2] Ex. C (Cole Kimball's Answers and Responses); Ex. D (Online Consumer's Network's Answers and Responses).
[3] Ex. E (Golden Rule Letter #1).

5. On September 3, 2015, counsel for Chesapeake sent Golden Rule Letter #2, which set forth the multitude of Defendants' discovery violations.[5]

6. On September 4, 2015, counsel for Chesapeake held a telephonic conference with counsel for Defendants regarding, *inter alia*, Defendants' discovery violations.

7. Counsel for Defendants declined to supplement Defendants' deficient discovery responses in any manner.

8. Counsel for Chesapeake spoke with counsel for Defendants several more times over the ensuing weeks, but Defendants declined to remedy any of their deficient discovery responses.

9. Counsel for Chesapeake certifies that in good faith it has conferred with Defendants' counsel in an effort to obtain relief without Court action.

10. The presently-existing deficiencies in Defendants' discovery responses are set forth in detail in Ex. G. The deficiencies are as follows:

## I. DEFICIENCIES IN COLE KIMBALL'S DOCUMENT PRODUCTION

**Request No. 5**: Please produce and Bates-label all documents pertaining to any businesses which You manage and/or operate or with which You are affiliated in any way.

**Documents produced**: none.

**Deficiency**: Cole Kimball objected to this Request as "not reasonably calculated to lead to the discovery of admissible evidence." We disagree. The Complaint contains allegations that OCN was never properly funded or capitalized and that Cole Kimball used OCN as a conduit for his own business enterprises in order to defraud Chesapeake. Cole Kimball made no tender whatsoever in response to this Request, which bears on key issues in this lawsuit.

**Request No. 21**: Please produce and Bates-label all contracts and agreements that You entered into on behalf of OCN from OCN's formation until the present date.

**Documents produced**: none.

---

[4] Ex F (Cole Kimball and Online Consumer's Network's verification).
[5] Ex. G (Golden Rule Letter #2).

**Deficiency**: Cole Kimball objected to this Request as "vague, overbroad, [and] not reasonably calculated to lead to the discovery of admissible evidence." We disagree. The Complaint contains allegations that Cole Kimball intermingled assets between OCN and his other business entities and used OCN in his scheme to defraud Chesapeake. OCN's contractual relationships are relevant to demonstrate the nature of OCN's business, to the extent that it was not merely an alter ego of Cole Kimball.

**Request No. 22**: Produce all text messages between You and Del Kimball regarding Chesapeake and/or payday loan businesses from February 24, 2009 to the present date.

**Documents produced**: an insufficient amount.

**Deficiency**: Cole Kimball produced typed reproductions of a very limited amount of text messages between Cole Kimball and Del Kimball in response to this Request rather than producing the full version of the text messages. The Request calls for production of a wider scope of text messages.

## II. DEFICIENCIES IN OCN'S DOCUMENT PRODUCTION

**Request No. 9**: Please produce and Bates-label all records of funding, contributions and sources of income or revenue to OCN from February 24, 2009 to the present time.

**Documents produced**: none.

**Deficiency**: OCN objected on grounds that "detailed contribution information is protected and confidential and not relevant to this lawsuit." This objection is without merit. First, a protective order is in place. Second, the nature and unusual financial circumstances surrounding OCN are a vital issue in this lawsuit. Third, funding is of critical importance.

**Request No. 10**: Please produce and Bates-label all bank account statements pertaining to OCN from February 24, 2009 to the present time.

**Documents produced**: none.

**Deficiency**: OCN objected to this Request as "overbroad, unduly burdensome," and "not reasonably calculated to lead to the discovery of admissible evidence." However, the Complaint contains allegations that OCN was never properly funded or capitalized and that Cole Kimball used OCN as an instrumentality and a shell in his illegal enterprises. OCN's bank statements are directly relevant to these allegations.

**Request No. 11**: Please produce and Bates-label all records and registers of accounts payable from February 24, 2009 to the present time.

**Documents produced**: none.

**Deficiency**: OCN objected to this Request as "overbroad, unduly burdensome," and "not reasonably calculated to lead to the discovery of admissible evidence." As discussed above, the Complaint contains allegations that OCN was never properly funded or capitalized and that OCN was an alter ego of Cole Kimball for use in his illegal schemes. Records and registers of accounts payable are directly relevant to these allegations.

**Request No. 12**: Please produce and Bates-label Your general ledgers, income statements and balance sheets for 2009, 2010, 2011, 2012, and 2013. (If OCN's accounting records are maintained on Quickbooks, ADP or another similar system, please produce those records for 2009, 2010 2011, 2012 and 2013.)

**Documents produced**: none.

**Deficiency**: OCN objected to this Request as "overbroad, unduly burdensome," and "not reasonably calculated to lead to the discovery of admissible evidence." As previously discussed, the Complaint contains allegations that OCN was a defunct shell that was never properly funded or capitalized. OCN was an alter ego of Cole Kimball and an instrumentality in Cole Kimball's scheme. General ledgers, income statements and balance sheets are directly relevant to these allegations.

**Request No. 13**: Please produce and Bates-label all payments, receipts, reimbursements and salary paid to officer, owners, shareholders, independent contractors and vendors of OCN from February 24, 2009 to the present time.

**Documents produced**: none.

**Response**: OCN objected to this Request as "overbroad, unduly burdensome," and "not reasonably calculated to lead to the discovery of admissible evidence." But as previously discussed, the Complaint contains allegations that OCN was a shell used as Cole Kimball's alter ego in order to defraud Chesapeake. Payments, receipts, reimbursements and salary paid to officer, owners, shareholders, independent contractors and vendors of OCN are directly relevant to these allegations.

## III. DEFICIENCIES IN COLE KIMBALL'S ANSWERS TO INTERROGATORIES

**Interrogatory No. 8**: Describe all communications You have had with Del Kimball regarding payday loan businesses from February 24, 2009 to June 1, 2014. State the date, speaker, recipient(s), mode (e.g. telephone, in person, e-mail), and substance of each communication.

**Information produced**: nothing substantive.

**Deficiency**: In response to this Interrogatory, Cole Kimball stated that "it is impossible for me to track [my communications with Del]" and "[m]ost of the communication

would have been over the phone or in person… ." But written communications between Cole Kimball and Del Kimball (including communications via e-mail and text message) are not "impossible to track." Cole Kimball did not provide information regarding any conversations with Del Kimball in response to this Interrogatory. The incorrect notion of "impossible to track" is not an excuse for failing to provide any information.

**Interrogatory No. 15**: Identify, by name and principal place of business, each company, corporation, partnership, LLC, and/or non-profit organization in which You have an ownership interest or in which You are an officer or director.

**Information produced**: nothing substantive.

**Deficiency**: Cole Kimball objected to this Interrogatory as "vague, overbroad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence" because "[t]his lawsuit concerns an alleged debt owed to Chesapeake by OCN." That is simply not true. This lawsuit concerns Cole Kimball's abuse of OCN's corporate form and his fraud against Chesapeake. This Interrogatory is directly related to Cole Kimball's scheme to use OCN as a shell instrumentality in order to further his own business interests. This Interrogatory calls for the identification of Cole Kimball's business interests.

**Interrogatory No. 20**: State the names of all persons or businesses with whom OCN contracted, for any reason, from February 24, 2009 to June 1, 2014 and describe the nature of each of OCN's contracts.

**Information produced**: nothing substantive.

**Deficiency**: Cole Kimball objected to this Interrogatory it seeks "information not available to the public" and is "not germane to the issues in this lawsuit, which arises from an alleged debt owed to Chesapeake by OCN." As previously discussed, this answer contains an inaccurate and incomplete description of the lawsuit. Moreover, the protective order addresses the confidentiality issue. OCN's corporate form and business dealings are a key part of this lawsuit.

## IV. DEFICIENCIES IN COLE KIMBALL'S ANSWERS TO INTERROGATORIES

**Interrogatory No. 14**: State the amount of funding and/or revenue You generated or received each year for the years 2009, 2010, 2011, 212, 2013, and 2014, and state the source company or source individual for all funding and revenue received by OCN.

**Information produced**: nothing substantive.

**Deficiency**: Cole Kimball refused to identify the source company or source individual for all funding and revenue received by OCN and stated that "OCN contributor

information is confidential." As discussed above, a protective order in place and therefore this objection is not well taken. OCN's extremely unusual financial circumstances, including its sources of funding, are a critical issue in this lawsuit.

WHEREFORE, Chesapeake respectfully requests that the Court order Defendants to fully supplement their discovery responses within 15 days and to pay Chesapeake's reasonable attorney's fees incurred in making this Motion.

Respectfully submitted,

SHOOK, HARDY & BACON, LLP

By: *\/s/ Kenneth E. Chase*

Richard G. Sander (Colo. Bar No. 12504)
Kali R. Backer (Colo. Bar No. 45436)
Shook, Hardy & Bacon LLP
1660 17th Street, Suite 450
Denver, CO 80202
Telephone: (303) 285-5303
Facsimile: (303) 285-5301
Email: rsander@shb.com
Email: kbacker@shb.com

Kenneth E. Chase
Shook, Hardy & Bacon LLP
1155 F Street NW, Suite 200
Washington, DC 20004
Telephone: (202) 639-5606
Facsimile: (202) 783-4211
Email: kchase@shb.com

*Counsel for Plaintiff*
*Chesapeake Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2015, the foregoing was electronically filed via the Court's CM/ECF system that will serve a true and correct copy by e-mail on:

John L. Mullen / Christopher M. Harper
Franke, Schultz & Mullen, PC
8900 Ward Parkway
Kansas City, MO 64114
Email: jmullen@fsmlawfirm.com
Email: charper@fsmlawfirm.com

By: */s/ Kenneth E. Chase*
Kenneth E. Chase

*Counsel for Plaintiff*
*Chesapeake Enterprises, Inc.*